UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI BASIM MAHMOOD AL-CHARAKH and MOHAMMED BASIM MAHMOOD AL-CHARAKH,

Plaintiffs,

v.

US DEPARTMENT OF HOMELAND SECURITY AND US DEPARTMENT OF STATE,

Defendants.
_______________________________/

Case No. 2:25-cv-10138

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING AS MOOT MOTION TO DISMISS [12]**

Plaintiffs filed an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1); ECF No. 14. As a result of the amended complaint, the Court must address the vitality of the pending motion to dismiss. *See* ECF No. 12. The filing of an amended complaint renders the original complaint a legal nullity. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025); 6 *Wright & Miller's Federal Practice and Procedure* § 1476 (3d ed. 2024). As a result, a motion to dismiss aimed at the original complaint is generally moot once a plaintiff files an amended complaint. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021).

Occasionally, district courts have exercised their discretion and considered a motion to dismiss the now-null original complaint when the new and old complaints are substantially identical. *Id.* at 759. The Court will decline to do so here because Plaintiffs adjusted their allegations, amended their alleged causes of action, and

attached an exhibit. *Compare* ECF No. 1, PageID.11–14 (including three causes of action), *with* ECF No. 14, PageID.96 (including one cause of action); ECF No. 14-1. Here, it is tidier for any motion practice related to the new complaint to proceed afresh. Defendants must thus respond to the amended complaint no later than fourteen days after its filing. Fed. R. Civ. P. 15(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Dismiss [12] is **DENIED AS MOOT.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 23, 2025